# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| BARRY S. SLAKMAN, | : | HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| GLEN JOHNSON, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:11-CV-2342-JEC-JFK |

## MAGISTRATE JUDGE'S ORDER AND
## FINAL REPORT AND RECOMMENDATION

Petitioner, Barry S. Slakman, challenges via 28 U.S.C. § 2254 his November 15, 2001, Fulton County convictions for murder and aggravated assault. The matter is before the Court on the petition, (Doc. No. 1), Petitioner's motion to supplement, (Doc. No. 6), Respondent's response and motion to dismiss the petition as untimely, (Doc. Nos. 7, 8), Petitioner's motion for an extension of time in which to reply, (Doc. No. 9), Petitioner's reply and brief in support, (Doc. Nos. 10-11), Petitioner's motion to correct his reply and brief, (Doc. Nos. 15), Petitioner's corrected reply and brief, (Doc. No. 16), and Petitioner's motion for judgment, (Doc. No. 18).

## I. Discussion

The Fulton County grand jury indicted Petitioner for murder, felony murder, and aggravated assault based on the July 6, 1993, death of Shana Glass Slakman, his wife.[1] (Resp't Ex. 2a/Part 2 at 171-73). On May 4, 1994, a Fulton County jury found Petitioner guilty of those charges. Slakman v. State, 272 Ga. 662, 662 n.1, 533 S.E.2d 383, 385 n.1 (2000). On July 13, 2000, the Georgia Supreme Court reversed and remanded for a new trial. Id., 272 Ga. at 671, 533 S.E.2d at 391; see also Slakman v. State, 280 Ga. 837, 837 n.1, 632 S.E.2d 378, 381 n.1 (2006). On November 15, 2001, a jury again found Petitioner guilty of assaulting and murdering Ms. Slakman. Slakman, 280 Ga. at 837 n.1, 632 S.E.2d at 380 n.1. The court sentenced Petitioner to a life term of imprisonment for malice murder – the felony murder conviction was vacated, and the aggravated assault conviction merged with the malice murder conviction. Id. On June 26, 2006, the Georgia Supreme Court affirmed. Id., 280 Ga. at 837, 632 S.E.2d at 380. The United States Supreme Court denied *certiorari* on February 20, 2007. Slakman v. Georgia, 549 U.S. 1218 (2007).

---

[1]Petitioner also was indicted for aggravated assault on a police officer during the officer's interview of Petitioner on the day of the murder. Petitioner was convicted on that charge; that conviction was affirmed on his first direct appeal and is not an issue in this action. See Slakman, 272 Ga. at 662, 664, 671, 533 S.E.2d at 385, 386, 391.

2

On February 13, 2008, Petitioner filed a state habeas corpus petition in the Superior Court of Baldwin County. (Resp't Ex. 1, Pet.). On October 6, 2009, the state habeas court denied his petition. (Resp't Ex. 3). On July 11, 2011, the Georgia Supreme Court dismissed as untimely Petitioner's certificate of probable cause ("CPC") application for further review and denied reconsideration of that dismissal. (Resp't Exs. 4a, 4b, 4c).

On July 14, 2011, Petitioner, *pro se*, filed the federal habeas corpus petition that is before the Court.[2] (Doc. No. 1). Respondent moves that the petition be dismissed as untimely. (Doc. No. 8, Br. at 3-5). Petitioner replies[3] that his federal petition is timely because (1) he is entitled to statutory tolling during the pendency of his CPC application, which the Georgia Supreme Court wrongly dismissed as untimely, and, (2) even if his CPC application was untimely, his federal petition was timely filed within one year of the removal of the state impediment that prevented him from filing

---

[2] Generally, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

[3] The Court shall grant Petitioner's motions for an extension of time to reply and to correct his reply. (Doc. Nos. 9, 15).

3

a timely federal petition. (Doc. No. 16 at 1). Petitioner contends (1) that 357 days of the federal limitations period ran before he filed his state petition, with 8 days remaining; (2) that after the state habeas court denied his state petition, he timely submitted for mailing his CPC application on November 9, 2009; and (3) that he filed his federal petition within 8 days of the Georgia Supreme Court's ruling on his CPC application. (Id. at 2-6). Petitioner also argues that the Georgia Supreme Court's long delay – from October 2009 until July 11, 2011 – to inform him that it deemed his CPC application to be untimely created a state impediment to his timely filing his federal petition. (Id. at 7).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to a habeas corpus action attacking an underlying state conviction. Section 2244 of Title 28 states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. In addition to the tolling provision in § 2244(d)(2), the one-year statute of limitations is subject to equitable tolling when "extraordinary circumstances that are both beyond [the petitioner's] control *and* unavoidable even with diligence" have prevented "an otherwise diligent petitioner from timely filing his petition." Wade v. Battle, 379 F.3d 1254, 1264-65 (11th Cir. 2004) (citations and internal quotation marks omitted) (emphasis in original). Lastly, actual innocence may provide a limited exception to AEDPA's time limitations. See Johnson v. Fla. Dep't Of Corr., 513 F.3d 1328, 1333-36 (11th Cir. 2008) (finding in § 2254 case that the petitioner had not shown actual innocence, thus finding it unnecessary to decide the "difficult constitutional question" of whether there is an actual innocence exception to the

5

federal limitations period in § 2254 actions). To show actual innocence, a petitioner must, "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence[,]" demonstrate that "it is more likely than not that no reasonable juror would have convicted him . . . ." Schlup v. Delo, 513 U.S. 298, 324, 327-28 (1995).

The record before the Court does not show that the provisions of subsections 2244(d)(1)(C)-(D), equitable tolling,[4] or the actual innocence exception apply. Further, under § 2244(d)(1)(B), Petitioner does not explain how the Georgia Supreme Court violated the "Constitution or laws of the United States" in taking from October 2009 through July 2011 to decide that his CPC application was untimely. Moreover, the Georgia Supreme Court's action did not "prevent[]" Petitioner from proceeding to file a federal petition.[5] 28 U.S.C. § 2244(d)(1)(B). Absent State action that violated

---

[4]Petitioner has not attempted to demonstrate that he is entitled to equitable tolling, and, further, "to permit equitable tolling . . . while [Petitioner's] untimely CPC application was under consideration would eviscerate the 'properly filed' requirement in 28 U.S.C. § 2244(d)(2)." Wade, 379 F.3d at 1266.

[5]A petitioner has the option of filing a protective petition in federal court in order to avoid the predicament of attempting to exhaust state remedies "only to find out at the end that [his state application] was never properly filed[.]" Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citation and internal quotation marks omitted).

6

the Constitution or laws of the United States and that prevented Petitioner from timely filing his federal petition, § 2244(d)(1)(B) does not apply.

Thus, the limitations period for Petitioner began to run, under § 2244(d)(1)(A), from the date when his convictions became final, on February 20, 2007, when the United States Supreme Court denied *certiorari* on his direct appeal. Between February 20, 2007, and February 13, 2008, when Petitioner filed his state habeas corpus petition, 357 days of the federal limitations period expired, with 8 days remaining. Petitioner's state habeas corpus petition remained pending, and the federal limitations period was tolled, until November 6, 2009, when the thirty-day time period for seeking further review in the Georgia Supreme Court expired. (Resp't Ex. 4a); see Wade, 379 F.3d at 1262 (concluding that state habeas petition "remained 'pending' under § 2244(d)(2) until the thirty-day deadline in O.C.G.A. § 9-14-52(b) for filing a CPC application with the Georgia Supreme Court expired" (emphasis omitted)).[6] Petitioner's November 9, 2009, CPC application was found untimely by the Georgia Supreme Court and, thus, was not "properly filed" and provides no additional statutory tolling of the federal

---

[6]Georgia law requires a petitioner, within thirty days of the entry of the order denying his state habeas petition, to file a notice of appeal with the superior court and to file a CPC application with the clerk of the Georgia Supreme Court. O.C.G.A. § 9-14-52(b).

7

limitations period. See id. at 1262 (quoting § 2244(d)(2)) (holding that CPC application found untimely by the Georgia Supreme Court does not provide statutory tolling).[7] With eight days remaining, the federal limitations period resumed running after November 6, 2009, and expired by the end of that month. Petitioner's July 2011 federal petition is over twenty months late. The Court agrees with Respondent that this action should be dismissed as untimely.

## II.     **Certificate of Appealability ("COA")**

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) of Title 28 states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a

---

[7]This Court gives "'due deference'" to the Georgia Supreme Court's procedural determinations and is "bound by [its] determination that [an] appeal [is] untimely." Stafford v. Thompson, 328 F.3d 1302, 1305 (11th Cir. 2003) (quoting Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)).

8

different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Lott v. Attorney Gen., Fla., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)). "'When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,' . . . a certificate of appealability should issue only when the prisoner shows both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because, based on the record before the Court, the decisive procedural issue, untimeliness, is not debatable. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III. Conclusion

**IT IS ORDERED** that Petitioner's motion for an extension of time in which to reply, (Doc. No. 9), and motion to correct his reply, (Doc. Nos. 15), are **GRANTED**.

**IT IS RECOMMENDED** that Respondent's motion to dismiss, (Doc. No. 8), be **GRANTED**, that Petitioner's motion for judgment, (Doc. No. 18), be **DENIED**, that this action be **DISMISSED** as untimely, and that a COA be **DENIED**.

**IT IS ORDERED** that Petitioner's motion to supplement, (Doc. No. 6), is **DENIED** as moot.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO ORDERED and RECOMMENDED** this 16th day of April, 2012.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)