IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BARRY S. SLAKMAN, | : | HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| GLEN JOHNSON, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:11-cv-2342-JEC-JFK |

**ORDER AND OPINION**

Petitioner Barry S. Slakman has challenged his November 15, 2001 Fulton County convictions for murder and aggravated assault, pursuant to 28 U.S.C. § 2254. The matter is before the Court on the petition [1], Respondent's motion to dismiss as untimely [8], Petitioner's motion for judgment [18], the Final Report and Recommendation ("R&R") issued by United States Magistrate Judge King [20], and Petitioner's objections [22].

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore,* 847 F.2d 1536, 1548 (11th Cir. 1988). *See also United States v. Schultz,* 565 F.3d 1353, 1360 (11th Cir. 2009)("a party that wishes to preserve its objection must

clearly advise the district court and pinpoint the specific findings that the party disagrees with"). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), if satisfied "that there is no clear error on the face of the record." FED. R. CIV. P. 72, Advisory Committee Note, 1983 Addition, Subdivision (b).

## I. BACKGROUND

On July 14, 2011, Petitioner filed this federal habeas corpus petition challenging his November 15, 2001 Fulton County convictions, which became final on February 20, 2007, when the United States Supreme Court denied *certiorari*. (*See* R&R [20] at 2-3.) Respondent moved that the petition be dismissed as untimely because it was not filed within the one-year limitations period for federal habeas corpus petitions. (*Id.*)  In reply to this motion to dismiss, Petitioner argued that he was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) and that, under § 2244(d)(1)(B), the limitations period had not been triggered until the removal of the state impediment to his filing his federal petition. (Pet'r's Resp. [16] at 1-8.)

The Magistrate Judge found that § 2244(d)(1)(B) did not apply, that the limitations period was triggered for Petitioner when his convictions became final, and that the record before the Court did

2

not show that Petitioner was entitled to equitable tolling or the actual innocence exception. (R&R [20] at 6-8.) The Magistrate found (1) that 357 days of the federal limitations period ran between the date Petitioner's convictions became final (February 20, 2007) and the date he filed his state habeas corpus petition (February 13, 2008), with only 8 days remaining; (2) that the federal limitations period was tolled under § 2244(d)(2) only until November 6, 2009, when Petitioner's time to seek further review of the October 6, 2009 denial of his state petition in the Georgia Supreme Court expired; (3) that with only 8 days remaining, the federal limitations period expired by the end of November 2009; and (4) that Petitioner's July 2011 federal petition was untimely by over twenty months. (*Id.* at 6-8.) The Magistrate Judge has recommended granting Respondent's motion to dismiss and denying Petitioner's motion for judgment and a certificate of appealability. (*Id.* at 10.)

Petitioner objects that the Magistrate Judge (1) incorrectly identified October 6, 2009 as the date on which the state habeas court denied relief; (2) erroneously deferred to the Georgia Supreme Court's determination that his CPC application was untimely; (3) incorrectly concluded that equitable tolling did not apply; (4) incorrectly concluded that § 2244(d)(1)(B) did not apply; and (5) incorrectly concluded that he did not raise a claim of actual innocence as an exception to the federal one-year limitations period.

3

(Rev.8/82)

(Pet'r's Obj. [22] at 1, 9-14.)  For the reasons discussed below, Petitioner's objections lack merit.

## II. DISCUSSION

### A. The Date On Which The State Habeas Court Denied Relief

Petitioner asserts that his state habeas petition was not denied until October 7, 2009, the date on which the order of denial was filed. (*Id.* at 2.)  The Magistrate Judge correctly stated that the state habeas judge denied relief on October 6, 2009, the date that he signed the order of denial. (*See* Resp't's First Notice of Filing [12], Ex. 3.)  At any rate, in calculating the thirty-day time period for seeking review of that order in the Georgia Supreme Court, the Magistrate Judge and Georgia Supreme Court counted the 30 days from October 7, 2009, which was the date the Order was filed, and correctly determined that Petitioner's CPC application was due on November 6, 2009. (*See* R&R [20] at 7 and Resp't's Notice of Filing [12] at Ex. 4a.)

### B. Deference To The Georgia Supreme Court's Determination That Petitioner's CPC Application was Untimely

As noted in the R&R, Petitioner had allowed all but 8 days of his one-year period under AEDPA to expire before finally filing his state habeas petition.  When the order denying that petition was issued by the state habeas court on October 7, 2009, Petitioner had 30 days (or until November 6) to file a CPC application with the

4

Georgia Supreme Court in support of his appeal of the habeas denial. Statutory tolling under AEDPA continued through this 30-day period. As found by the Georgia Supreme Court, when it ultimately dismissed Petitioner's CPC application as untimely, Petitioner did not file his CPC application until <u>November 9</u>, 2009.

Deferring to the Georgia Supreme Court's denial of the CPC application as untimely, the magistrate judge concluded that the tolling period under AEDPA ended on November 6, 2009, when the 30-day period for filing the CPC application ended.[1] With only 8 days left to file a federal habeas, Petitioner should have filed the latter by November 14, 2009. Instead, he filed his federal habeas petition over twenty months later, in July 2011.

Petitioner argues that the magistrate judge should not have given deference, pursuant to *Stafford v. Thompson*, 328 F.3d 1302, 1305 (11th Cir. 2003), to the Georgia Supreme Court's determination that his CPC application was untimely. Petitioner argues that (1) *Stafford* is distinguishable from his case as Stafford's timeliness argument lacked merit and Petitioner's timeliness argument has merit; (2) there is clear and convincing evidence that his CPC

---

[1] Relying on *Stafford v. Thompson*, 328 F.3d 1302, 1305 (11th Cir. 2003), the Magistrate Judge gave deference to the Georgia Supreme Court's determination that Petitioner's application for a certificate of probable cause ("CPC application"), seeking review of the denial of his state habeas corpus petition, was untimely. (*Id.* at 8, n.7.)

5

application was timely; and (3) the Georgia Supreme Court's holding to the contrary was not in accordance with regularly-followed and well-established procedure concerning Georgia's three-day mailbox rule, as set out in O.C.G.A. § 9-11-6(e). (Pet'r's Obj. [22] at 4-8.)

*Stafford* clearly provides that a federal court is "bound by the state court's determination that [an] appeal [is] untimely." *Stafford*, 328 F.3d at 1305. *See also Wade v. Battle,* 379 F.3d 1254, 1260 (11th Cir. 2004)("we are bound by the state court's determination that the appeal was untimely"). Thus, the Court must give "due deference" to the Georgia Supreme Court's determination that Petitioner's state habeas petition was untimely. *Wade,* 379 F.3d at 1260.

Further, Petitioner has not produced clear and convincing evidence that the Georgia Supreme Court's timeliness decision was incorrect. The record shows that Petitioner's state habeas petition was denied on October 6, 2009, and that this decision was filed on October 7, 2009. (Pet'r's Obj. [22] at 2 and Resp't's First Notice of Filing [12] at Ex. 3.) The thirty-day time period for seeking further review in the Georgia Supreme Court expired, at the latest, on November 6, 2009. *See* O.C.G.A. § 9-14-52(b)(establishing a thirty day time period for filing a CPC application). Petitioner did not

6

submit his CPC application until November 9, 2009. (Pet'r's Obj. [22] at 5.)

Petitioner argues, however, that he was entitled to an additional three-day mailing period in calculating the 30 days by which the habeas CPC application was due. That is, he says he was entitled to a 33-day period. Petitioner contends that the Georgia Supreme Court failed to properly apply this three-day extension to the limitations period for filings that are made by mail. (*Id*. at 4-5.)

O.C.G.A. § 9-11-6(e) allows three days to be added to a prescribed time period when a party has the right or is required to do some act "*within a prescribed period after the service of a notice or other paper* . . . and the notice or paper is served upon the party by mail or e-mail." O.C.G.A. § 9-11-6(e)(emphasis added). The time limit for filing a CPC application, however, is not triggered by a requirement to do something "*after the service of a notice or other paper*." O.C.G.A. § 9-11-6(e)(emphasis added). The time limit for filing a CPC application is triggered by "the entry of the order denying . . . relief." O.C.G.A. § 9-14-52(b)("If an unsuccessful petitioner desires to appeal, he must file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief."). Thus, § 9-11-6(e) does not, by its terms, extend the time

7

limit for filing a CPC application. Further, Petitioner has provided no authority to suggest that it does. He therefore has failed to show that the Georgia Supreme Court erred in its calculation.

Petitioner also cites *Massaline v. Williams,* 274 Ga. 552 (2001). (Pet'r's Obj. [22] at 5-6.) In *Massaline*, the Georgia Supreme Court adopted a mailbox rule under which a *pro se* prisoner's CPC application is deemed filed on the date that the prisoner delivers it to the prison authorities for forwarding to the clerk of court. *Id. Massaline* is unhelpful to Petitioner because he does not claim that he delivered his habeas petition to prison authorities by the November 6, 2009 deadline. Rather, it appears that Petitioner delivered the petition to the authorities on November 9, 2009 and it was ultimately filed in the court on November 16, 2009. (*Id.* at 5.)

It is true that a federal court is not required to defer to a procedural determination, such as timeliness, by the Georgia Supreme Court, if the procedural rule to which the latter court purportedly adhered in dismissing the application is not a rule that is "firmly established and regularly followed. *See Siebert v. Campbell,* 334 F.3d 1018, 1025 (11th Cir. 2003)("a rule governing filings must be 'firmly established and regularly followed' before noncompliance will render a petition improperly filed for the purpose of AEDPA's tolling provision"). Yet, Petitioner has failed to cite any authority suggesting that the thirty-day time limit, as applied in this case,

8

is not a regularly-followed and well-established procedure. The Magistrate Judge therefore correctly deferred to the Georgia Supreme Court's holding that Petitioner's state habeas petition was untimely. *Wade,* 379 F.3d at 1260. As such, the state petition was not "properly filed" as required to toll the one-year limitations period applicable under § 2244(d)(2). *Wade,* 379 F.3d at 1260-61.

### C. 28 U.S.C. § 2244(d)(1)(B) And Equitable Tolling

28 U.S.C. § 2244(d)(1) provides that the one-year limitation period shall run from the latest of four possible dates. One of those dates is the date on which "the impediment to filing an appplication created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action." § 2244(d)(1)(B).

Petitioner argues that § 2244(d)(1)(B) applies here because the Georgia Supreme Court's delay[2] in deciding that his CPC application was untimely violated the federal constitution by effectively suspending the writ of habeas corpus and creating an impediment that prevented him from timely filing his federal petition. (Pet'r's Obj. [22] at 9-11.)

---

[2] The CPC application was filed in November 2009; the Georgia Supreme Court denied the application on timeliness grounds in July 2011.

9

Section 2244(d)(1)(B) does not apply here because the described state action--the Georgia Supreme Court's delay in issuing a ruling on the timeliness of Petitioner's CPC application--was not "an action in violation of the Constitution or laws of the United States." Contrary to Petitioner's argument, the delay did not suspend the writ of habeas corpus or prevent him from filing a timely federal petition.[3]

Petitioner also argues that, if the Georgia Supreme Court's delay does not trigger application of § 2244(d)(1)(B), this delay should nonetheless prompt equitable tolling for the period of time that the application was under review. The Court agrees with the Magistrate Judge that to permit equitable tolling while Petitioner's untimely CPC application was under consideration "would eviscerate the 'properly filed' requirement in 28 U.S.C. § 2244(d)(2)."[4] *Wade,* 379 F.3d at 1266.  In short, the Court concludes, as did the

---

[3] Moreover, as noted by the magistrate judge, a Petitioner has the option of filing a protective petition in federal court to avoid the predicament of attempting to exhaust state remedies only to later find out that the state application was never properly filed, meaning that statutory tolling never occurred. *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005).

[4] Moreover, Petitioner waited until only 8 days were left under AEDPA before even filing his state habeas petition.  With that kind of delay, he had to know that he was operating on a short leash that greatly compromised his ability to file a timely federal habeas petition and that would allow for no mistakes and no unforeseen delays in the process.

magistrate judge, that Petitioner's federal habeas petition was filed more than one-year after expiration of the limitations period set out by AEDPA.

### D. Actual Innocence

Petitioner asserts that the Magistrate Judge's failure to apply the actual innocence exception was error because (1) in his traverse to Respondent's answer and in his motion for judgment, he "impl[ied]" actual innocence based on his federal grounds 4(c) and (d) and 5(b);[5] (2) "evidence supporting said grounds would be exculpatory scientific evidence/testimony which were not argued at . . . trial;"[6] and (3) he has not yet filed his brief which "would substantiate the merits" of his grounds for relief that show actual innocence. (Pet'r's Obj. [22] at 2, 12-14.)

---

[5] Petitioner in his federal ground 4(c) asserts that counsel was ineffective for failing to "put into evidence" or argue that admitted state evidence--hydrodynamics report, autopsy report, supplemental offense report, and evidence from "shurgard storage"--established an alibi for Petitioner. (Pet. [1], Suppl. at 5-6.) In federal ground 4(d), Petitioner argues that counsel was ineffective for failing to argue that it would have been impossible for Petitioner to have committed the crime "based solely on [the] State's admitted evidence," trial testimony, and investigative reports. (*Id.* at 6.) In federal ground 5(b), Petitioner asserts that appellate counsel was ineffective for failing to raise on appeal ineffective assistance of trial counsel on the above matters. (*Id.* at 7.)

[6] Petitioner does not clearly describe what this evidence might be.

11

To the extent that actual innocence may provide an exception to the one-year limitations period, it is an "exceedingly narrow" exception. *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011)(quoting *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001))(internal quotation marks omitted), *cert. denied, San Martin v. Tucker*, 132 S. Ct. 158 (2011).  The standard for showing actual innocence is demanding and requires a petitioner "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012)(citations omitted).

The Magistrate Judge correctly determined that the record did not warrant application of the actual innocence exception, to the extent that there is such an exception.  Petitioner chiefly refers to admitted state evidence, and he does not identify any new reliable evidence nor demonstrate how or why such evidence would have made it more likely that a reasonable juror would have been unable to find him guilty.

### III. CONCLUSION

Petitioner's objections are without merit, and the Court finds no clear error in the remainder of the Magistrate Judge's Report and

12

Recommendation. The Court adopts the magistrate judge's Final Report and Recommendation [20] as the Order of this Court.

**IT IS ORDERED** that Respondent's motion to dismiss [8] is **GRANTED**, Petitioner's motion for judgment [18] is **DENIED**, the petition [1] is **DENIED and DISMISSED** as untimely, and a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**, this 30th day of SEPTEMBER, 2012.


/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE