IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BARRY S. SLAKMAN, | : | HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| GLEN JOHNSON, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:11-cv-2342-JEC-JFK |

**ORDER AND OPINION**

On October 1, 2012, the Court entered judgment on its Order and Opinion that adopted the Magistrate Judge's Report and Recommendation, dismissed this federal habeas corpus petition as untimely, and denied a certificate of appealability ("COA"). ([25, 26].) The matter is now before the Court on petitioner's motion to amend judgment, brought under FED. R. CIV. P. 59(e).[1] ([27].)

**I. DISCUSSION**

On July 14, 2011, petitioner filed this federal habeas corpus petition challenging his November 15, 2001 Fulton County convictions. (*See* [20] at 2-3.) Respondent moved that the petition be dismissed as untimely because it was not filed within the one-year limitations period for federal habeas corpus petitions. (*See id.*)

The Magistrate Judge found, among other things, that the record before the Court did not show that petitioner was entitled to an actual innocence exception to the limitations period and recommended

---

[1] Petitioner's Rule 59(e) motion was timely filed within twenty-eight days of the entry of judgment. *See* FED. R. CIV. P. 59(e).

that respondent's motion to dismiss be granted.  ([20] at 6, 8.)
Petitioner objected and asserted that the Magistrate Judge's failure
to apply the actual innocence exception was error because (1) he had
"impl[ied]" actual innocence based on his federal grounds 4(c) and
(d) and 5(b),[2] (2) "evidence supporting said grounds would be
exculpatory scientific evidence/testimony which [was] not *argued* at
. . . trial,"[3] and (3) he had not yet filed his brief which "would
substantiate the merits" of his grounds for relief that show actual
innocence.  ([22] at 2, 12-14 (emphasis added).)

   The Court determined that the Magistrate Judge had correctly
determined that the record did not warrant application of the actual
innocence exception.  ([25] at 12.)  The Court, among other things,
found that petitioner chiefly referred to admitted state evidence and
that he had not identified any new reliable evidence.  (*Id.*)  The

---

   [2]  Petitioner in his federal ground 4(c) asserted that counsel
was ineffective for failing to "put into evidence" or argue that
admitted state evidence--hydrodynamics report, autopsy report,
supplemental offense report, and evidence from "shurgard storage"--
established an alibi for Petitioner.  ([1], Attach. at 5.)  In
federal ground 4(d), Petitioner argued that counsel was ineffective
for failing to argue that it would have been impossible for
Petitioner to have committed the crime "based solely on [the] State's
admitted evidence," trial testimony, and investigative reports.  (*Id.*
at 6.)  In federal ground 5(b), Petitioner asserted that appellate
counsel was ineffective for failing to raise on appeal ineffective
assistance of trial counsel on the above matters.  (*Id.* at 7.)

   [3]  Petitioner did not clearly describe the evidence to which he
referred.

AO 72A
(Rev.8/8
2)

Court overruled petitioner's objections and dismissed this action. (*Id.* at 12-13.)

Petitioner seeks reconsideration. ([27].)  Petitioner asserts that the Court clearly erred in finding that he is not entitled to the actual innocence exception.  (*Id.* at 1.)  Petitioner contends (1) that his counsel could have presented known evidence that would have established an absolute alibi for him, (2) that his state habeas pleadings (which the state did not submit) defined the actual-innocence evidence and he should have had an opportunity to develop his claim at a federal hearing, and (3) that "the evidence substantiating [petitioner's] actual innocence . . . is all state's evidence.  What did not happen at trial and was not presented to the jury was how that evidence proved [petitioner] was factually innocent."[4]  (*Id.* at 2-3.)

The grounds, under Rule 59(e), for reconsidering a judgment are "an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest

---

[4]  That the state's trial evidence could have been presented in a different manner does not satisfy the standard for actual innocence.  *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012)("[T]he alleged exception for . . . untimeliness would require the petitioner (1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." (citations omitted)), *cert. denied*, 133 S. Ct. 351 (2012).

AO 72A
(Rev.8/8
2)

injustice." *United States v. Battle*, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003). A Rule 59(e) motion "is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] to give the moving party another bite at the apple by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000)(alteration in original)(citation and internal quotation marks omitted).

Petitioner presents nothing that he could not have presented before the Magistrate Judge or in his objections or that he has not already presented. Finding nothing that warrants a retreat from the Court's previous decision, the motion to amend judgment shall be denied.

## II.   **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." This Rule applies to the denial of a Rule 59(e) motion in § 2254 proceedings. *Perez v. Sec'y, Fla. Dep't of Corr.*, __ F.3d __, No. 11-15280, 2013 WL 828001 (11th Cir. Feb. 13, 2013). Section 2253(c)(2) states that a certificate of appealability

AO 72A
(Rev.8/8
2)

may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Lott v. Att'y Gen., Fla.*, 594 F.3d 1296, 1301 (11th Cir. 2010)(quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003))(internal quotation marks omitted).

Based on the discussion above, a COA is unwarranted. Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

## III. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that petitioner's motion to amend judgment [27], brought under FED. R. CIV. P. 59(e), is **DENIED** and that a COA is **DENIED.**

**IT IS SO ORDERED**, this 20th day of MARCH, 2013.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

5

AO 72A
(Rev.8/8
2)